IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DOLORES GREEN                          :

   v.                                  :   Civil Action No. DKC 21-0517

THE TJX COMPANIES, INC.                :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this employment discrimination case is a motion for leave to amend filed by Plaintiff Dolores Green. (ECF Nos. 18; 21). The issues have been briefed, and the court now rules, no hearing being necessary. Local Rule 105.6. For the following reasons, the motion for leave to amend will be denied.

**I.   Background**

The relevant factual background in this case is set out in a prior opinion. (ECF No. 13, at 1-4). Ms. Green filed this lawsuit without an attorney in February 2021, asserting Americans with Disabilities Act ("ADA") claims for failure-to-accommodate and retaliation, and Title VII claims for race discrimination, retaliation, and a hostile work environment. (*See* ECF No. 1, at 4-6, 9). Defendant The TJX Companies, Inc. ("TJX") filed a motion to dismiss all counts. (ECF No. 6). The court granted the motion but invited Ms. Green to file a motion for leave to amend her ADA

failure-to-accommodate and Title VII hostile-work-environment claims. (*See* ECF Nos. 13; 14). The court provided detailed instructions regarding the type of information Ms. Green would need to include to assert such claims. (*See* ECF No. 16, at 2-3). Now represented, Ms. Green filed the pending motion for leave to amend. (ECF Nos. 18; 21). Defendant opposed. (ECF Nos. 20; 23). Ms. Green did not reply.

**II. Analysis**

When, as here, the right to amend as a matter of course has expired, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed.R.Civ.P. 15(a)(2). Rule 15(a)(2) provides that courts "should freely give leave [to amend] when justice so requires[,]" and commits the matter to the discretion of the district court. *See Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 769 (4th Cir. 2011). "A district court may deny a motion to amend when . . . the amendment would be futile." *Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010) (citation omitted). "A proposed amendment is [] futile if the claim it presents would not survive a motion to dismiss." *Save Our Sound OBX, Inc. v. N.C. Dep't of Transp.*, 914 F.3d 213, 228 (4th Cir. 2019) (citation omitted).

A motion to dismiss under Fed.R.Civ.P. 12(b)(6) tests the sufficiency of the complaint. *Presley v. City of Charlottesville*,

464 F.3d 480, 483 (4th Cir. 2006).  "[T]he district court must accept as true all well-pleaded allegations and draw all reasonable factual inferences in plaintiff's favor."  *Mays v. Sprinkle*, 992 F.3d 295, 299 (4th Cir. 2021).  A plaintiff's complaint need only satisfy the standard of Fed.R.Civ.P. 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief[.]"  A Rule 8(a)(2) "showing" still requires more than "a blanket assertion[] of entitlement to relief," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007), or "a formulaic recitation of the elements of a cause of action[.]" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that defendant is liable for the misconduct alleged." *Mays*, 992 F.3d at 299-300 (quoting *Iqbal*, 556 U.S. at 663).

Ms. Green does not include failure-to-accommodate and hostile-work-environment claims in her proposed amended complaint, or any information responsive to the court's detailed instructions for seeking leave to amend on those earlier claims.  Instead, she includes proposed claims for: (1) race discrimination, (2) age discrimination, and (3) ADA and employment retaliation.  (*See* ECF No. 21, at 3-4).  Ms. Green's race discrimination and retaliation claims were dismissed for failure to exhaust without the option to

3

move for leave to amend. (ECF No. 13, at 17-19). Her effort to resurrect them is futile.

That leaves only Ms. Green's proposed age discrimination claim. It fails for the same exhaustion reasons as Ms. Green's other claims. "It is well settled that before filing suit under . . . the [Age Discrimination in Employment Act ("ADEA")], a plaintiff must exhaust her administrative remedies by bringing a charge with the EEOC." *Walton v. Harker*, No. 21-1041, 2022 WL 1257128, at *4 (4th Cir. Apr. 28, 2022) (citing 29 U.S.C. § 633a(d)). As noted in the preceding memorandum opinion, Ms. Green checked only the box for disability discrimination and did not check the box age discrimination. (ECF No. 6-2, at 1). Nor did Ms. Green mention her age at all in her description of the events. (*See id.*). TJX was not put on notice to Ms. Green's age discrimination claim and its assertion is futile.

### III. Conclusion

For the foregoing reasons, Ms. Green's motion for leave to amend will be denied. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge